UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| IN RE AEROSONIC CORPORATION SECURITIES LITIGATION | : : : : : : : | C.A. NO. 8:03-CV-2373-T-24 TBM |

ORDER APPROVING NOTICE OF SETTLEMENT
AND SCHEDULING HEARING FOR APPROVAL
OF CLASS ACTION SETTLEMENT

WHEREAS, plaintiffs filed this action (the "Action") as a proposed class action on November 12, 2003; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure ("FRCP") 23(e), for an order preliminarily approving the settlement (the "Settlement") of this Action, in accordance with the parties' Stipulation and Agreement of Settlement dated as of July 7, 2005 (the "Stipulation"), by and between the Lead Plaintiffs Rene Miville, Sebastian Gaeta, Steven Cutler, Paul Gaeta, Anthony Gaeta, Rick Fowler, Ella Hall and Maria Jaeger in this class action litigation (the "Action"), on behalf of themselves and the members of the Class (collectively, the "Plaintiffs"), on the one hand; and defendants Aerosonic Corporation ("Aerosonic"), J. Mervyn Nabors, Eric J. McCracken, Michael T. Reed, Andrew J. Norstrud and PricewaterhouseCoopers LLP ("PricewaterhouseCoopers") (collectively, the "Defendants"), on the other hand.  Upon consideration of said Stipulation, the matters of record, and being fully advised in the premises, the Court finds as follows:

NOW, THEREFORE, it is hereby ORDERED, as follows:

1. All capitalized terms defined in the Stipulation are incorporated herein.

2. For purposes of this Settlement only, the Court finds that the prerequisites for a class action under FRPC 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and their counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to FRCP 23, and for the purposes of this Settlement only, this Court hereby certifies this action as a class action on behalf of all persons who purchased Aerosonic common stock on the open market between November 13, 1998 and September 24, 2003, inclusive, and were damaged thereby, and appoints Lead Plaintiffs Rene Miville, Sebastian Gaeta, Steven Cutler, Paul Gaeta, Anthony Gaeta, Rick Fowler, Ella Hall and Maria Jaeger as Class Representatives and approves of Berger & Montague, P.C. as their counsel.  Excluded from the Class are: Defendants; members of the immediate family of each individual Defendant; any subsidiary or affiliate of any Defendant; any current or former officer, director, member or partner, who was employed by or served in such capacity for any Defendant during the Class Period, or any member of their immediate family; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, predecessors in interest, affiliates, or assigns of any Defendant. Also excluded from the Class are the persons who file valid and timely requests for exclusion from the Class, pursuant to the terms of the Stipulation and exhibits thereto.

4. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, as within the range of possible approval, subject to further consideration and final approval at the Settlement Fairness Hearing described below.

5. A hearing (the "Settlement Fairness Hearing") shall be held before this Court on November 18, 2005, at 1:30 p.m. in Courtroom 14A, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, FL 33602, to determine whether the proposed Settlement of the Action as to the Defendants and related persons, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate and should be finally approved by the Court; whether the Order and Final Judgment should be entered thereon; whether the Plan of Allocation as set forth in the Printed Notice is fair and reasonable; whether and in what amount attorneys' fees, costs and expenses and interest thereon should be awarded to Plaintiffs' Counsel; and whether and in what amount a reimbursement of costs and expenses should be awarded to Lead Plaintiffs. The Court may adjourn the Settlement Fairness Hearing and later reconvene it without further notice to members of the Class.

6. The Court approves, as to form and content, the giving of Notice to the Class members, including the Printed Notice and the Proof of Claim and Release form annexed thereto, and the Summary Notice. The Court finds that the mailing and distribution of the Printed Notice and the publication of the Summary Notice, substantially in the manner and form set forth, respectively, in Exhibits B and C of the Stipulation, meets all of the requirements of FRCP 23, section 21D(a)(7) of the Securities Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Court appoints Heffler, Radetich & Saitta L.L.P. ("Claims Administrator") to identify Class members to the extent practicable; supervise, print, mail, distribute and otherwise give the Printed Notice to Class members who can be identified through reasonable efforts; cause the publication of the Summary Notice; administer, tabulate and process the Proof of Claim forms; and otherwise take all other actions necessary or appropriate in connection with such notice and claims administration duties and functions. Without limiting its foregoing duties and functions, the Claims Administrator shall undertake the following:

(a) Promptly after the entry of this Order, the Claims Administrator shall take reasonable steps to identify Class members to the extent practicable, and cause the Printed Notice and the Proof of Claim and Release Form attached thereto, substantially in the forms annexed as, respectively, Exhibits B and E to the Stipulation, to be mailed by first class mail to all such Class members and to all other Aerosonic shareholders currently of record;

(b) Promptly after the entry of this Order, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit C to the Stipulation, to be published once in *Investor's Business Daily* and once in *The Tampa Tribune*, and once electronically by *PR Newswire* or another suitable on-line newswire;

(c) The Claims Administrator shall also cause copies of the Printed Notice and Proof of Claim to be mailed promptly to persons who, in response to the publication of the Summary Notice or otherwise, indicate that they may be Class members and request the Printed Notice; and

(d) The Claims Administrator shall serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such mailing and publication of Notice, and Plaintiffs' Counsel shall submit such proof as part of their papers in support of final approval of the Settlement.

8. All brokers, dealers, voting trustees, banks, financial institutions, depositories and other nominees ("Nominees") who, during the Class Period (*i.e.*, November 13, 1998 through September 24, 2003, inclusive) purchased on the open market Aerosonic common stock in the name of the Nominees on behalf of beneficial owners of such securities who may be members of the Class, are hereby requested to provide the Claims Administrator, Heffler, Radetich & Saitta, L.L.P., P.O. Box 58249, Philadelphia, PA 19105-8249, with the name and last known address of each such person or entity for whom the Nominee purchased such stock. The Claims Administrator shall then cause the Printed Notice and the Proof of Claim to be mailed promptly to said beneficial owners. Alternatively, Nominees may request additional copies of the Printed Notice from the Claims Administrator, which will be provided to the Nominees free of charge, and the Nominees will then promptly mail the Printed Notice directly to the persons for whom the transactions were made. If the Nominee chooses to follow this alternative procedure, the Nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and identifying the persons and the addresses to whom such Notice was sent. The Nominee may seek reimbursement for the reasonable expenses incurred in complying with these directives, subject to the approval of the Court or Plaintiffs' Counsel.

9. All reasonable costs incurred in identifying and notifying members of the Class, as well as administering the Settlement, shall be paid from the Settlement proceeds established for the Class in this Action in accordance with the provisions of the Stipulation.

10. The Settlement Escrow Agent(s) is hereby authorized and directed to pay up to $100,000 for the payment of the costs in issuing Notice and all other Notice and Administration Expenses from the Settlement Fund promptly upon Plaintiffs' Counsel's request in this Action as

such costs become due without further order of the Court. Said $100,000 amount shall be included within the total Settlement proceeds in this Action, and shall not be in addition thereto. Any additional costs of notice or settlement administration shall be paid as ordered by the Court. In no event shall the Lead Plaintiffs, the Class Representatives, the Class members, the Class or Plaintiffs' Counsel, Defendants, or Defendants' Counsel be responsible for paying any such Notice and Administration Expenses, Taxes or Tax Expenses.

11. All Class members who wish to be excluded from the Settlement must file a request for exclusion in the manner and containing the following information: (a) the name, address, and telephone number of the person requesting exclusion; (b) the person's purchases and sales of Aerosonic common stock made during the Class Period, including the dates, the number of shares, and the price paid or received per share for each such purchase or sale; and (c) that the person wishes to be excluded from the Class. All such requests for exclusion must be received by the Claims Administrator at least fourteen (14) calendar days prior to the Settlement Fairness Hearing. All Class members (and such Class member's "affiliates" and "associates" and other entities "controlled" by them as defined in SEC Rule 12b-2) who do not file a valid and timely request for exclusion shall be bound by and subject to the terms of all determinations and judgments that may be entered in this Action, whether favorable or unfavorable to the Class. The Claims Administrator shall promptly forward copies of all such requests for exclusion to the Defendants' Counsel.

12. Class members who wish to participate in the Net Settlement Fund shall complete and submit Proofs of Claim in accordance with the instructions contained therein. All Proofs of Claim must be postmarked by the deadline set forth in the Printed Notice (i.e., 120 (one hundred twenty) calendar days following the date the Printed Notice is first mailed to Class members), unless

that deadline is extended by further order of this Court.

13. Pending final determination of whether the Settlement should be approved, no person shall either directly, indirectly, derivatively, representatively or in any other capacity, commence or continue to prosecute any Released Claim against any Released Person that would be released or barred pursuant to the proposed Order and Final Judgment (including, but not limited to, any and all claims asserted in the litigation captioned, *Matilda Franzitta, Derivatively on Behalf of Nominal Defendant Aerosonic Corp. v. David A. Baldini, et al.*, C.A. No. 05-02547 (Div. B ) (Fla. Cir. Ct., 13th Jud. Cir., Hillsborough Cty., filed Mar. 21, 2005)) in any court or other forum or tribunal other than this Court and in this Action. During the period between this preliminary approval of the Settlement and the Effective Date of the Settlement, all statutes of limitations and all other legal and equitable limitations periods on such claims shall be tolled.

14. Pending final determination of whether the Settlement should be approved, no Intra-Defendant Released Person shall either directly, indirectly, derivatively, representatively or in any other capacity, commence or continue to prosecute any Intra-Defendant Released Claim against any Intra-Defendant Released Person (including, but not limited to, any and all claims asserted in the litigation captioned, *Matilda Franzitta, Derivatively on Behalf of Nominal Defendant Aerosonic Corp. v. David A. Baldini, et al.,* C.A. No. 05-02547 (Div. B) (Fla. Cir. Ct. 13th Jud. Cir., Hillsborough Cty., filed Mar. 21, 2005)) in any court or other forum or tribunal other than this Court and in this Action. During the period between this preliminary approval of the Settlement and the Effective Date of the Settlement, all statutes of limitations and all other legal and equitable limitations periods on such claims shall be tolled.

15. Any Class member who has not requested exclusion may enter an appearance in the

Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class member does not enter an appearance, he, she or it will be represented by Plaintiffs' Counsel.

16. Any Class member who has not requested exclusion may appear with or without counsel, and show cause, if he, she or it has any objection as to why the proposed Settlement of the Action as to all of the Defendants should not be approved as fair, reasonable and adequate, or why the proposed Order and Final Judgment should not be entered thereon, or why attorneys' fees, costs, and expenses and interest thereon should not be awarded to Plaintiffs' Counsel in the amount requested, or why a reimbursement of costs and expenses should not be awarded to the Lead Plaintiffs in the amount requested, or why the proposed Plan of Allocation of the Settlement Fund should not be approved, but only if (a) by fourteen (14) calendar days prior to the Settlement Fairness Hearing, that person has served by hand or by first class mail written objections and copies of any papers and briefs upon the following: Merrill G. Davidoff, Esq., Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103, Telephone (215) 875-3000; Guy M. Burns, Esq., Johnson, Pope, Boker, Ruppel & Burns, LLP, 100 North Tampa Street, Suite 1800, Tampa, FL 33602, Telephone (813) 225-2500 (such plaintiffs' counsel shall in turn serve such papers on all defendants' counsel); and (b) filed said written objections, papers and briefs with the Clerk of the Court, United States District Court, Middle District of Florida, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, FL 33602. Any Class member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as embodied in the Stipulation, the Plan of Allocation, the award of attorneys'

fees, costs and expenses to Plaintiffs' Counsel and any reimbursement of costs and expenses for the Lead Plaintiffs, unless otherwise allowed by the Court for good cause shown.

17. Upon the Effective Date of the Settlement, all members of the Class (and such Class member's "affiliates" and "associates" and other entities "controlled" by them as defined in SEC Rule 12b-2) who have not timely and validly excluded themselves from the Settlement in accordance with the provisions in the Notice, whether or not they filed a Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, shall be barred from asserting any Released Claim against any Released Person. Upon the effective date of the Settlement, no Intra-Defendant Released Person, and no other person, including any member of the Class (and such Class member's "affiliates" and "associates" and other entities "controlled" by them as defined in SEC Rule 12b-2), whether or not they have timely and validly excluded themselves from the Settlement in accordance with the provisions in the Notice, whether or not they filed a Proof of Claim within the time provided for, and whether or not they participate in the Settlement Fund, shall directly, indirectly, derivatively, representatively or in any other capacity, commence or continue to prosecute any Intra-Defendant Released Claim against any Intra-Defendant Released Person (including, but not limited to, any and all claims asserted in the litigation captioned, *Matilda Franzitta, Derivatively on Behalf of Nominal Defendant Aerosonic Corp. v. David A. Baldini, et al.*, C.A. No. 05-02547 (Div. B ) (Fla. Cir. Ct., 13th Jud. Cir., Hillsborough Cty., filed Mar. 21, 2005)) in any court or other forum or tribunal.

18. Plaintiffs' Counsel shall file any papers in support of the Settlement, the allocation of the Settlement Fund, any application for attorneys' fees and reimbursement of expenses and interest thereon, and any application for reimbursement of costs and expenses for the Lead Plaintiffs

no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

19.   The passage of title and ownership of the Settlement Fund to the Settlement Escrow Agents in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20.   All funds held by the Settlement Escrow Agents shall be deemed and considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed to the Class member or returned to the persons paying the same pursuant to this Stipulation and/or further Order of the Court.

21.   Neither the Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation, any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.   At or after the Settlement Fairness Hearing, the Court shall determine whether to approve the Plan of Allocation proposed by Plaintiffs' Counsel, any application for attorneys' fees or reimbursement of costs and expenses, including any reimbursement of costs and expenses to the Lead Plaintiffs.

23.   All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, the Settlement Fund shall be refunded as provided in the Stipulation, and neither the Lead Plaintiffs nor any of Plaintiffs'

Counsel shall have any obligation to repay any amounts actually incurred, paid or payable for Notice and Administration Expenses, Taxes and Tax Expenses, in accordance with the terms of the Stipulation.

24. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Lead Plaintiffs and/or the Class of any infirmity in the claims asserted in the Action.

25. The court reserves the right to adjourn the date of the Settlement Fairness Hearing and any adjournment thereof without further notice to Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and Defendants, if appropriate, without further notice to the Class.

DONE and ORDERED in chambers in Tampa, Florida, this 9th day of August, 2005.

SUSAN C. BUCKLEW
United States District Judge