## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |  |
|---|---|---|
| IN RE AEROSONIC CORPORATION SECURITIES LITIGATION | : : : : : : | C.A. NO. 8:03-CV-2373-T-24 TBM |

## ORDER AND FINAL JUDGMENT

On November 18, 2005, following notice to all parties and notice to the Class members as described herein, a hearing (the "Settlement Fairness Hearing" or the "Hearing") was held before this Court to consider: Lead Plaintiffs' Joint Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Reimbursement of Costs and Expenses (the "Joint Motion") and, pursuant to Rules 23(e), 23(h), 54(b) and 54(d) of the Federal Rules of Civil Procedure ("FRCP"), to determine, *inter alia*: (1) whether the terms and conditions of the settlement (the "Settlement") embodied in the Stipulation and Agreement of Settlement dated July 7, 2005 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class in the Action now pending in this Court under the above caption, including the release and bar order in favor of the Released Persons and Intra-Defendant Released Persons, and should be approved; (2) whether judgment should be entered dismissing the Amended Complaint on the merits and with prejudice as against the Defendants and as against all persons who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel attorneys' fees and reimbursement of costs and expenses; and (5) whether and in what amount to make an award to Lead Plaintiff Rene Miville for reimbursement of his costs and expenses.

The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that: (1) a notice of the Hearing on the Settlement Approval Motion and the Fee Petition, substantially in the form approved by the Court was mailed to (i) all persons reasonably identifiable who purchased Aerosonic Corporation ("Aerosonic") common stock on the open market between November 13, 1998 and September 24, 2003, inclusive (the "Class Period"), and were damaged thereby, except those persons excluded from the definition of the "Class", and (ii) who were shareholders of Aerosonic as of August 16, 2005, as shown by the records of Aerosonic's transfer agent, at the respective addresses set forth in such records; (2) that a summary notice of the Hearing substantially in the form approved by the Court was published in *Investor's Business Daily*, *The Tampa Tribune* and on the *PR Newswire* pursuant to the specifications of the Court; (3) the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees, costs and expenses requested and an award to Lead Plaintiff Rene Miville for his costs and expenses; and (4) all capitalized terms used herein having the meanings as set forth and defined in the Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class members and the Defendants.

2.  The Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Rules 23 (a) and (b)(3) of the Federal Rules of Civil Procedure ("FRCP") have been satisfied in that: (a) the number of Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and their counsel have and will fairly and adequately represent the interests

of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to FRCP 23, and for the purposes of this Settlement only, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased Aerosonic common stock on the open market between November 13, 1998 and September 24, 2003, inclusive, and were damaged thereby, and appoints Lead Plaintiffs Rene Miville, Sebastian Gaeta, Steven Cutler, Paul Gaeta, Anthony Gaeta, Rick Fowler, Ella Hall and Maria Jaeger as Class Representatives and approves of Berger & Montague, P.C. as their counsel. Excluded from the Class are: Defendants; members of the immediate family of each individual Defendant; any subsidiary or affiliate of any Defendant; any current or former officer, director, member or partner, who was employed by or served in such capacity for any Defendant during the Class Period, or any member of their immediate family; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, predecessors in interest, affiliates, or assigns of any Defendant. No member of the Class has filed a timely and valid request for exclusion from the Class.

4. Notice of the pendency of this Action as a class action, the proposed Settlement of this Action and of the November 18, 2005 Hearing on the Settlement Approval Motion and Fee Petition was given to: (i) all Class members who could be identified with reasonable effort, and (ii) to all shareholders of Aerosonic as of August 16, 2005. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of FRCP 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), due process, and any other applicable law, constituted the best notice

practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

5. Pursuant to FRCP 23, this Court hereby approves the Settlement set forth in the Stipulation, and the Exhibits thereto, and approves the Plan of Allocation set forth in the Notice, and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class members, and Aerosonic. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6. No Person has validly and timely requested exclusion from the Class. This litigation as well as all of the Released Claims and Intra-Defendant Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Lead Plaintiffs and members of the Class and the successors and assigns of any of them are deemed to have released, relinquished and forever discharged all Released Claims (as defined below) and, together with all shareholders of Aerosonic as of August 16, 2005, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, liabilities, rights and causes of action of every nature and description whatsoever (including but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever) whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or equity, matured or unmatured, whether class,

individual or derivative in nature, including both known or Unknown Claims (as defined in the Stipulation), that have been asserted in this Action by the Class Members or any of them against any of Defendants and, past or present, Defendants' affiliates, subsidiaries, representatives, shareholders, creditors, partners, principals, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys (including, without limitation, Defendants' Counsel as defined in paragraph 1.8 of the Stipulation), agents, and successors in interest, including but not limited to a trustee appointed in a chapter 7 or 11 proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor (*i.e.*, "Released Persons") including, without limitation, any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and unknown claims that have been or could have been asserted in any forum by the Class members, or Aerosonic shareholders as of August 16, 2005, or any of them, or the successors or assigns of any of them, whether directly, indirectly, derivatively, representatively or in any other capacity, against any of the Released Persons, which arise out of, or relate in any way, directly or indirectly:  (i) to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitation, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty arising out of, based upon or related in any way to the purchase, acquisition, sale, distribution or holding of Aerosonic common stock by any Class member during the period November 13, 1998 through December 31, 2004; or (ii) the Settlement (including, without limitation, any and all claims asserted in the litigation captioned *Matilda Franzitta, Derivatively on Behalf of Nominal Defendant Aerosonic Corp. v. David A. Baldini, et al.*, C.A. No. 05-02547 (Div.

B) (Fla. Cir. Ct, 13th Jud. Cir., Hillsborough Cty., filed Mar. 21, 2005) (*i.e.*, *in toto*, "Released Claims"), except claims to enforce any of the terms of the Stipulation. The Released Claims are hereby compromised, settled, relinquished, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. Members of the Class and all shareholders of Aerosonic as of August 16, 2005, and the heirs, executors, administrators, successors and assigns of any of them are hereby deemed to have covenanted not to sue or assert any claim or action against any of the Released Persons directly, indirectly, representatively, and derivatively (on behalf of Aerosonic Corporation) that (i) arises out of or relates to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Action or otherwise alleged, asserted or contended in the Action or (ii) that could have been alleged, asserted or contended in any forum by the Class members or any of them against any of the Released Persons which arise out of, relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint and any of the predecessor complaints in this Action, or (iii) that relate to the Released Claims or this Settlement, and shall forever be enjoined from commencing, instituting or prosecuting any such claim.

9. Defendants and past or present Defendants' affiliates, subsidiaries, representatives, shareholders, creditors, partners, principals, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, agents, and successors in interest, including but not limited to a trustee appointed in a Chapter 7 or 11 proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor ("Intra-Defendant Released Persons") are hereby deemed to have released, relinquished and forever discharged all Intra-Defendant Released Claims (as defined below) and are

hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all Intra-Defendant Released Claims. "Intra-Defendant Released Claims" are defined as any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and unknown claims that have been or could have been asserted directly, indirectly, derivatively, representatively or in any other capacity, in any forum by any Intra-Defendant Released Person(s) against any other Intra-Defendant Released Person(s), which arise out of, or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that relate to this Action, including without limitation, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty. The foregoing includes, but is not limited to any and all claims asserted in the litigation captioned *Matilda Franzitta, Derivatively on Behalf of Nominal Defendant Aerosonic Corp. v. David A. Baldini, et al.,* C.A. No.05-02547 (Div. B) (Fla. Cir. Ct. 13th Jud. Cir., Hillsborough Cty., filed Mar. 21, 2005). "Intra-Defendant Released Claims" does not mean and shall not include: (1) claims by Aerosonic or the individual Defendants against Zurich; (2) claims by and between the Defendants that specifically are excluded from the Intra-Defendant release in any other separate written agreements; and (3) claims by and between the Defendants that are related to or arise from direct claims belonging to and asserted by persons who opt out of the Class, except that a defendant may collect or enforce any judgment on such a claim only to the extent that a person who opts out of the Class is successful in obtaining and enforcing judgment against the defendant on the related matter, or in entering into a settlement with the defendant in which the person is compensated for his or her claims made in the related matter,

provided that the preservation of these claims by and between the defendants does not and is not intended to limit in any way the release of claims that otherwise could be brought derivatively set forth in this paragraph and elsewhere in this Order, which derivative claim release shall remain in full force and effect.

10. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, demands, rights, duties, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of this Action or the Released Claims, including, but not limited to, all claims for malicious prosecution or sanctions, other than any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment (the "Released Persons' Claims") against any of the Lead Plaintiffs, Class Representatives, Class members, the Class or any of their attorneys in this Action, including but not limited to Plaintiffs' Counsel.  Except as otherwise provided in the Stipulation or herein, the Released Persons' Claims of all of the Released Persons are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

8

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the Class or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(c) offered or received against the Defendants or against the Lead Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and this Order and Final Judgment; provided, however, that Defendants may refer to the Stipulation and this Order and Final Judgment to effectuate the liability protection granted them thereunder;

(d) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession or admission that the Class may be certified except for settlement purposes as provided in the Stipulation;

      (e)    offered or received against the Defendants or against the Lead Plaintiffs or the Class as evidence of or construed against the Defendants or the Lead Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

      (f)    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund.  Any of the Settling Parties or any of their Related Parties may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of <u>res judicata</u>, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

13.    The Court finds that Plaintiffs' Counsel, Defendants' Counsel, Plaintiffs and Defendants have complied with each applicable requirement of Section 21D(c)(1), 15 U.S.C. § 78u-4(c)(1), and FRCP 11 as to all proceedings herein, including the filing, prosecution, defense and settlement of this Action.

14.    Lead Plaintiff Rene Miville is hereby awarded $7,500.00, for reasonable costs and expenses (including but not limited to lost wages or the equivalent) directly relating to his representation of the Class, such amount to be paid from the Gross Settlement Fund.

15. Plaintiffs' Counsel are hereby awarded 25 % of the Gross Settlement Fund ($1,337,500.00) in fees, which the Court finds to be fair and reasonable, and $ 42,407.36 in reimbursement of expenses, which fees and expenses shall be paid to Plaintiffs' Counsel from the Settlement Fund with interest from the date of the Court's Order preliminarily approving of this Settlement to the date of payment at the same net rate that the Settlement Fund earns. These amounts are awarded in accordance with FRCP 23(h) and 54(d) and are to be paid pursuant to the procedure set forth in the Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Berger & Montague, P.C., fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution and settlement of this Action.

16. In making this award of attorneys' fees and reimbursement of cost and expenses and an award to Lead Plaintiffs of cost and expenses to be paid from the Gross Settlement Fund, the Court has considered and, in accordance with FRCP 52(a) and Section 21D(a)(6) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(6), found that:

(a) the Settlement has created a fund of $5.35 million in cash that is already on deposit, plus interest to be earned thereon (the "Gross Settlement Fund"), and Class members who file timely and valid claims will benefit from the Settlement created by Plaintiffs' Counsel;

(b) over 4,100 copies of the Notice were disseminated to putative class members (as of November 10, 2005) indicating that at the November 18, 2005 Hearing, Lead Plaintiffs' counsel intended to seek up to 25% of the Gross Settlement Fund in attorneys' fees, and to seek reimbursement of their litigation costs and expenses in an amount estimated not to exceed $48,000, and an award of cost and expenses to Lead Plaintiffs not to exceed $7,500, and the Summary Notice

was published in *Investor's Business Daily*, *The Tampa Tribune* and over the *PR Newswire*, as required by the Court;

      (c)    Plaintiffs' Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

      (d)    the litigation of this Action involved complex factual and legal issues and was actively prosecuted since its filing on November 12, 2003 and in the absence of this Settlement, the Action would have continued to involve complex factual and legal questions;

      (e)    if Plaintiffs' Counsel had not achieved this Settlement, there was a risk of either a smaller or no recovery;

      (f)    Plaintiffs' Counsel have devoted over 1,859 hours, with a lodestar value of $676,943 to achieve the Settlement and further work remains including in connection with claims administration; and

      (g)    the amount of attorneys' fees awarded and costs and expenses reimbursed from the Settlement Fund and the award to Lead Plaintiffs of costs and expenses are consistent with the awards in similar cases. Accord Camden I Condo. Ass'n v. Dunkle, 946 F.2d 768, 775 (11th Cir. 1991) (holding that awarding attorney fees of 25% of the settlement fund is the "benchmark" in the Eleventh Circuit); In re Sunbeam Sec. Litig., 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001) (same).

17.    Exclusive jurisdiction is hereby retained over the Parties and the Class members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to FRCP 54 (b).

**DONE AND ORDERED** at Tampa, Florida, this 18th day of November, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge